**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DAVE G. CROSS,

        Plaintiff,

    v.

ANTHONY & SYLVAN POOLS, CORP.,

        Defendant.

Case No. 2:20-cv-00454-JCM-EJY

**ORDER RESETTING EARLY
NEUTRAL EVALUATION**

      An ENE is hereby reset for **Monday, July 13, 2020 at 10:00 a.m.**  In light of recent health events, the ENE will be conducted remotely via Zoom video, with further instructions to be provided at a later date regarding the logistics for appearance.

      <u>**NOTE: SIGNIFICANT CHANGES TO THE COURT'S SCHEDULING ORDER ARE LISTED BELOW**</u>.

      The following requirements for the ENE apply:

1. **Attendance**

- An attorney of record who will be participating in the trial of this case, all parties appearing pro se, if any, and all individual parties must be present.

- In the case of non-individual parties, counsel must arrange for a representative with binding authority to settle this matter up to the full amount of the claim to be present for the duration of the ENE session.

- If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim must also be present for the duration of the ENE session.

- The Court **will impose sanctions** to the extent a representative with binding authority to settle this matter <u>up to the full amount of the claim</u> is not present.
- A request for an exception to the above attendance requirements must be filed and served on all parties **at least 14 days** before the ENE session.
- An attorney of record, individual parties, a fully-authorized representative, and a fully-authorized insurance representative must appear unless the court enters an order granting a request for exception.

2. **Time Limit**

- The ENE session will be limited to three (3) hours.

3. **Request to Reschedule**

- Any requests to reschedule the ENE session must be submitted at least one (1) week in advance of the scheduled date and provide a detailed reason for the request.

4. **ENE Statement**

- In preparation for the ENE session, the attorneys for each party, and the parties appearing pro se, if any, must submit a confidential written evaluation statement for the court's *in camera* review.
- The evaluation statement must comply with **Local Rule 16-6(f)**.
- In addition to the information required by LR 16-6, **<u>the following information must be contained in the ENE Statement</u>**:
  - The first paragraph must contain the names, titles and email addresses of ALL attendees along with a statement of their limit(s), if any, to settle.
  - The entire ENE Statement **must not exceed 50 pages – including exhibits**.  The more concise the writing and more focused the exhibits, the better the undersigned will be served in understanding the case.
  - The exhibits should not include any items available on the docket – citation to the ECF No. will suffice.

- o If the exhibits include deposition transcripts, then they should only be excerpts with highlights on the specific statements you seek to underscore.
  - o History of settlement negotiations, if any, prior to the ENE conference.
  - o The final paragraph must contain the opening offer or demand you will make at the ENE conference with supporting explanation.
- The written evaluation statements must be submitted by email to Kimberly_LaPointe@nvd.uscourts.gov by **noon** on **Monday, July 6, 2020**. Do not deliver or mail them to the clerk's office. Do not serve a copy on opposing counsel.
- The purpose of the evaluation statement is to assist the undersigned in preparing for and conducting the ENE session. To facilitate a meaningful session, your utmost candor in providing the requested information is required.
- The written evaluation statements will not be seen by or shared with the district judge or magistrate judge to whom this case is assigned. The evaluation statements will be seen by no one except the undersigned.
- Each statement will be securely maintained in my chambers and will be destroyed following the closure of the case.

**5. Sanctions**

- Failure to comply with the requirements set forth in this order will subject the non-compliant party to sanctions under Local Rule IA 11-8 or Federal Rule of Civil Procedure 16(f).

**6. Electronic Devices**

- RECORDING THE ENE PROCEEDINGS IS EXPRESSLY PROHIBITED. Electronic devices are permitted and may be viewed while the Court is caucusing with the other parties.

**7. Pre-ENE Conference Call**

- The Court is willing to conduct a joint conference call with counsel for the parties prior to the ENE if the parties feel issues should be addressed/discussed prior to

convening.  The parties should submit a joint written request to chambers if a
conference call is requested.

DATED: June 19, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE