UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVE G. CROSS, | Case No. 2:20-CV-454 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| ANTHONY & SYLVAN POOLS CORP., | |
| Defendant(s). | |

Presently before the court is defendant Anthony & Sylvan Pools, Corp.'s motion to dismiss. (ECF No. 6). Plaintiff Dave Cross responded, (ECF No. 9), to which defendant replied, (ECF No. 11).

**I.    Background**

This case arises from an employment agreement entered into by the parties on July 12, 2008 ("agreement"). (ECF No. 1). Plaintiff was a sales associate, "selling and digging . . . pools" on defendant's behalf. (ECF No. 9). His compensation was based on sales commission as dictated by the agreement. (ECF No. 1).

Plaintiff alleges that defendant routinely withheld plaintiff's compensation by "back charging" plaintiff for actions not attributable to his duties as a sales associate. (*Id.*). Plaintiff also claims that defendant unlawfully withheld plaintiff's futures commissions. (*Id.*).

The underlying complaint was filed on December 5, 2019, in the Eighth Judicial District Court of Clark County, Nevada. (*Id.*). It alleges claims of 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, 3) violations of NRS 608.100, and 4) unjust enrichment. (*Id.*). This action was removed to this court on March 4, 2020. (*Id.*).

Defendant now moves to dismiss the complaint in full. (ECF No. 6).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant moves to dismiss all claims of plaintiff's complaint: 1) breach of contract, 2) breach of the implied covenant of good faith and fair dealing, 3) violations of NRS 608.100, and 4) unjust enrichment. (ECF No. 6). This court dismisses plaintiff's complaint in full.

*A. Breach of Contract*

Defendant argues that no breach occurred, because all of defendant's alleged actions are permitted under the agreement. (ECF No. 6). The "compensation" provision of the agreement offers the following calculation for "sales commissions to be paid to sales personnel":

> (1) The base commission as outlined in Anthony & Sylvan price book **LESS**:
> (a) Expenses or charges incurred by Anthony & Sylvan as a result of errors and/or omissions of Employee, in the preparation of contracts, contract addendums, plot plans, cost breakdown sheets and other related documents.
> (b) Amounts for which Anthony & Sylvan shall from time to time become liable in excess of the contract provisions, which are a result of oral agreements between the customer and employee.

(*Id.*) (hereinafter "compensation provision"). The contract is unambiguous, and this court will enforce its plain language. *See Ellison v. Cal. State Auto, Ass'n*, 797 P.2d 975, 977 (Nev. 1990).

This court agrees that the complaint's pleadings allude to actions allowed under the agreement. (ECF No. 1). As stated in the complaint, "[d]efendant routinely withheld [c]ommissions earned by [plaintiff, and] . . . stated that the withholdings were due to 'deductions and back charges.'" (*Id.*). Specifically, defendant justified these withholdings by citing "changes made by subcontractors, corrections needed to particular projects, damages occurring at job sites, [and] issues caused by third parties or otherwise not associated with [plaintiff's]

James C. Mahan
U.S. District Judge

- 3 -

duties as sales associate. . . . Defendant accounted for these 'back charges,' by withholding future Commissions from [plaintiff]." (*Id.*). These broad allegations are expressly permitted per the compensation provision. Plaintiff has failed to allege a plausible breach of contract.

This court dismisses this claim but acknowledges that plaintiff may be capable of pleading sufficient facts to demonstrate that defendant acted outside of the scope of their agreement. Thus, this claim is dismissed without prejudice.

B. *Breach of Implied Covenant of Good Faith and Fair Dealing*

The same factual allegations above were incorporated in plaintiff's cause of action for breach of implied covenant of good faith and fair dealing. (ECF No. 1). A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (Nev. 1991). Plaintiff merely restates that "[d]efendant's breaches were in direct contravention of the intent and spirit of the [c]ontract." (*Id.*). As it stands, the defendant's actions as stated in the complaint satisfy the terms and alleged spirit of the contract. This cause of action is also dismissed without prejudice.

C. *NRS 608.100*

Plaintiff's third cause of action alleges that defendant's withholding of plaintiff's commissions violates NRS 608.100, (ECF No. 1), which outlaws certain "decrease[s] in compensation [and] . . . requirement[s] to rebate compensation" by an employer. NRS 608.100.

The parties dispute the existence of a private cause of action under NRS 608.100. Defendant relies on *Baldonado v. Wynn Las Vegas, LLC*, where the Nevada Supreme Court found that appellant employee had "no private cause of action to enforce . . . NRS 608.100." 124 Nev. 951, 964 (Nev. 2008). Instead, the statutory scheme indicates that the "labor laws' enforcement" was entrusted to the state labor commissioner, "unless otherwise specified." *Id.*

In response, plaintiff proffers *Csomos v. Venetian Casino Resort, LLC*, 127 Nev. 1128 (2011). There, the court specifically found that NRS 608.040—which applies penalties to employers who "fail to pay discharged or quitting employees"—allows for a private cause of

action. *Id.* The court reasoned that the allowance of attorney's fees under a separate provision strongly militates to the existence of a private cause of action. *Id.* ("Although NRS 608.040 . . . does not have explicit language authorizing a private cause of action, NRS 608.140 allows for assessment of attorney fees in a private cause of action for recovery of wages. It is doubtful that the Legislature intended a private cause of action to obtain attorney fees for an unpaid wages suit but no private cause of action to bring the suit itself."). The *Baldonado* court considered this factor as well to determine that a private cause of action did not exist for other provisions under NRS Chapter 608:

> In contrast, two other statutes in NRS Chapter 608, otherwise enforceable by the Labor Commissioner, expressly recognize a civil enforcement action to recoup unpaid wages: NRS 608.140 (civil actions by employees to recoup unpaid wages) and NRS 608.150 (civil actions by the district attorney to recoup unpaid wages from general contractors). The existence of express civil remedies within the statutory framework of a given set of laws indicates that the Legislature will expressly provide for private civil remedies when it intends that such remedies exist; thus, if the Legislature fails to expressly provide a private remedy, no such remedy should be implied. *See Hamm v. Carson City Nugget, Inc.,* 85 Nev. 99, 450 P.2d 358 (1969), *cited in Moen v. Las Vegas International Hotel Inc.,* 402 F.Supp. 157, 161 (D.Nev.1975).

*Baldonado*, 124 Nev. at 964. Indeed, no such express civil remedies exist under NRS 608.100 as invoked by the plaintiff.

This court applies the clear declaration of *Baldonado*, concurring with its reasoning, to find that no private cause of action exists under NRS 608.100. *Id.* ("NRS 608.100 and NRS 613.120 are included within the Labor Commissioner's authority in the same manner as, and phrased similarly to, NRS 608.160, in that all three statutes deem certain employer conduct unlawful . . . . [N]o private cause of action [exists] to enforce NRS 608.160, NRS 608.100, or NRS 613.120."). Unlike plaintiff's first two claims, this claim's defect cannot be remedied through amendment. This court dismisses plaintiff's third cause of action with prejudice.

*D. Unjust Enrichment*

Plaintiff alleges that defendant was unjustly enriched by "retaining and wrongfully refusing to provide full compensation." (ECF No. 1). Defendant was benefitted by plaintiff's "selling and digging [of] over 200 pools." (*Id.*). However, unjust enrichment is not available

James C. Mahan
U.S. District Judge

- 5 -

"where a contract governs the parties' relationship to each other." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003).  Here, the complaint alleges an express, written contract exists directly on point. (ECF No. 1).  A claim for unjust enrichment based on defendant's "selling and digging" of pools cannot prevail, even in the alternative. (ECF No. 9).  Again, this claim's defect cannot be cured.  This court dismisses this cause of action with prejudice.

In light of this court's dismissal of the complaint, this court also denies defendant's motion for an exemption from the early neutral evaluation session attendance requirements, (ECF No. 17), as moot.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's first and second claims—for breach of contract and breach of implied covenant of good faith and fair dealing—be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff's third and fourth claims—for violations of NRS 608.100 and unjust enrichment—be, and the same hereby are, DISMISSED with prejudice.

IT IS FURTHER ORDERED that defendants' motion for exemption from attendance requirements for early neutral evaluation session, (ECF No. 17) be, and the same hereby is, DENIED as moot.

The clerk is ordered to close the case accordingly.

DATED July 20, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**